UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ELIZABETH GAGNARD                       CIVIL ACTION NO. 15-cv-1797

VERSUS                                  JUDGE DRELL

WAL-MART STORES, INC., ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Elizabeth Gagnard ("Plaintiff") filed suit in state court and alleged that she was injured in a slip and fall accident in a Wal-Mart store. Defendants Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC removed the case based on an assertion of diversity jurisdiction, which places the burden on them to set forth the facts to establish the requisite amount in controversy and that there is complete diversity of citizenship. The current notice of removal does not satisfy that burden with respect to the citizenship of one defendant.

The notice of removal alleges that Plaintiff is a citizen of Louisiana and that Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas. Those allegations are sufficient to allege the citizenship of those parties. With respect to Wal-Mart Louisiana, LLC, the notice alleges only that it is a Delaware limited liability company with its principal place of business in Arkansas. That allegation does not comply with the rules for determining the citizenship of an LLC or other unincorporated entity. Those rules can be found in cases such as <u>Adams v. Wal-Mart Stores, Inc.</u>, 2014 WL 2949404 (W. D. La. 2014) and <u>Burford v. Stateline Gathering System, LLC</u>, 2009 WL 2487988 (W. D. La. 2009).

Defendants will be allowed until **June 22, 2015** to file an amended notice of removal and set forth with specificity the citizenship of the LLC defendant.

Wal-Mart Louisiana, LLC's current counsel properly set forth the citizenship of the LLC in an Amended Notice of Removal filed in Adams v. Wal-Mart, 14-cv-757 (Doc. 17) after the above-cited order issued and pointed out similar deficiencies. See also Riggio v. Wal-Mart, 14-cv-0442 (Notice of Removal, ¶ 5). Those allegations of membership/citizenship may be consulted and, if still current, employed in this case. It is necessary that the proper allegations of citizenship be included in the record of this case to avoid the risk of what happened in Howery v. Allstate, 243 F.3d 912 (5th Cir.2001), where Allstate saw a favorable judgment thrown out on appeal because it neglected to plead all details of its citizenship when in the district court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge